IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>ANTHONY G. BROWN, in his official capacity as ATTORNEY GENERAL OF THE STATE OF MARYLAND,<br><br>and<br><br>KRISTOPHER RUSINKO, in his official capacity as BOARD PRESIDENT OF THE MARYLAND BOARD OF PHARMACY,<br><br>*Defendants*. | Civil Action No. 1:24-cv-01557 |

### NOVARTIS'S RESPONSE TO DEFENDANTS' MOTION TO CONSOLIDATE

Defendants have moved to consolidate this lawsuit with *Pharmaceutical Research and Manufacturers of America v. Brown*, No. 1:24-cv-01631-GLR (D. Md.).[1]  Novartis does not oppose consolidation of the cases so long as its case schedule on the preliminary injunction motion remains intact.

Any delay on resolution of its preliminary injunction motion would significantly prejudice Novartis.  Effective July 1, the challenged Maryland law—H.B. 1056—imposes criminal and civil liability on drug manufacturers.  A violation of the law threatens fines of up to $10,000 for each violation and up to $25,000 for successive violations.  That leaves Novartis with a Hobson's

---

[1] Novartis understands that the State is also seeking to consolidate the case filed by AbbVie; it takes the same position as to that request.

choice: Either risk criminal and civil liability, and significant financial penalties, or attempt to comply with an unconstitutional law subject to multiple pending legal challenges.

Novartis moved swiftly to avoid being trapped in that vise. The statute was signed into law on May 16. Less than two weeks later, Novartis filed both its Complaint and motion for preliminary relief on May 29, and it provided courtesy copies to the Deputy Attorney General the next day. ECF Nos. 1, 2; Ex. A. In keeping with the Court's June 18 Order, Defendants opposed Novartis's motion on June 24, and the Court will hear argument on July 1. *See* ECF Nos. 21; 26.

Consistent with the Court's Order and well-established principles under Rule 42, there is no reason that consolidation should delay resolution of Novartis's preliminary injunction motion—but if it would, consolidation should be denied. *See, e.g.*, *CX Reinsurance Co. v. Leader Realty Co.*, No. CV CCB-15-3056, 2016 WL 6696050, at *2 (D. Md. Nov. 15, 2016) ("[I]f consolidation will lead to delay in the processing of one of the individual cases, then consolidation may be denied."); *Miranda v. Homefix Custom Remodeling Corp.*, No. CV TDC-22-3190, 2023 WL 5959828, at *3 (D. Md. Sept. 13, 2023) (denying consolidation due to "the potential for the adjudication of [the earlier-filed action] to be delayed if the two cases are consolidated").

With both a looming statutory effective date and a July 1 hearing, Novartis expects that consolidation may be most sensibly addressed after this Court resolves its preliminary injunction motion. If the Court takes up consolidation sooner, however, Novartis does not oppose consolidation provided that adjudication of its Rule 65 motion is not deferred.

Respectfully submitted,

/s/ *Peter J. Martinez*
Catherine E. Stetson*
Susan M. Cook (D. Md. Bar No. 21636)
Marlan Golden*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW

        Washington, DC 20004
        Tel: (202) 637-5600
        cate.stetson@hoganlovells.com
        susan.cook@hoganlovells.com

        Peter J. Martinez (D. Md. Bar No. 28672)
        HOGAN LOVELLS US LLP
        100 International Dr., Suite 2000
        Baltimore, MD 21202
        Tel: (410) 659-2745
        peter.martinez@hoganlovells.com

        *Admitted Pro Hac Vice*

        *Attorneys for Novartis Pharmaceuticals Corporation*

Dated:  June 28, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2024, the foregoing was served by CM/ECF on all registered CMF users.

<u>/s/ *Peter J. Martinez*</u>
Peter J. Martinez

Dated:  June 28, 2024